PER CURIAM.
In the circuit court, appellant Gary Bo-hack sued appellee, Keller Industries, Inc., on claims of products liability and negligence. The product at issue was a ladder manufactured by Keller.
Before trial, Keller moved in limine to preclude Bohaek from making any reference whatsoever to other ladder manufacturers. Bohack’s attorney agreed to the entry of an order granting the motion, apparently unaware of its full scope. At trial, the order prevented Bohaek from presenting evidence that would have been admissible under section 768.1257, Florida Statutes (2003), which, in a defective design case, allows evidence pertaining to “the state of the art of scientific and technical knowledge and other circumstances that existed at the time of manufacture.” In spite of Bohack’s efforts to relax the order in limine, Keller succeeded at trial in having the court strictly enforce the wording of the pretrial order, which had been entered by a different judge.
At trial, Keller’s expert violated the order in limine by testifying that “every other major manufacturer has made at least one ladder of this type at some point in time.” The trial court denied Bohack’s request to cross-examine the expert on whether other manufacturers had designed ladders similar to the one at issue. The court also denied the request for a mistrial.
Once Keller’s expert violated the order in limine, the only effective way to cure the damage was by allowing Keller to cross-examine the expert. The testimony opened the door to cross-examination on the expert’s representation concerning other ladder manufacturers. Once Keller’s expert had violated the order in limine secured by Keller, the trial court abused its discretion by precluding Bohaek from cross-examining the expert on that issue.
We therefore reverse the final judgment on the products liability count. We affirm the verdict for Keller on the negligence count, finding that the error described was harmless, as it pertained to the negligence issue.
Affirmed in part, reversed in part, and remanded.
WARNER, GROSS, JJ„ and SILVERMAN, SCOTT, Associate Judge, concur.